UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 20-134** |
| v. | * | **SECTION: M** |
| **ANTHONY GARCES** | * | |
| * * * | | |

## FACTUAL BASIS

The United States and defendant **ANTHONY GARCES** ("**GARCES**") stipulate and agree that the below facts are true and that they would have been proven beyond a reasonable doubt had this matter proceeded to trial. The United States and **GARCES** further stipulate and agree that these facts provide a sufficient basis for a plea of guilty to the charge that **GARCES**, not being lawfully entitled to a certificate, license, and document issued to officers and seamen by any officer and employee of the United States authorized by law to issue the same, did receive and possess said certificate, license, and document, with intent unlawfully to use said certificate, license, and document, in violation of Title 18, United States Code, Section 2197. The below facts are offered for the purpose of establishing a sufficient factual basis to support the guilty plea and therefore do not necessarily describe all the details of the offense or **GARCES**'s complete knowledge of the offense.

A.     **At all times relevant herein:**

Federal statutes and regulations ("federal law") authorized the United States Coast Guard ("USCG") to issue merchant mariner credentials ("MMCs") and related endorsements. Under federal law, all mariners employed aboard United States merchant vessels greater than 100 Gross Register Tonnage, with a few limited exceptions, were required to have valid MMCs. Furthermore, to serve in various positions, federal law required mariners to have particular endorsements added

AUSA _CM_
Defendant _A.G_
Defense Counsel _____

to their MMCs. Consequently, an MMC and each endorsement to an MMC each constituted a "certificate, license, or document," as described in Title 18, United States Code, Section 2197.

Endorsements determined what position mariners could work, on what kind of vessels, and in what waters. The presence of an endorsement on an MMC indicated that the mariner was qualified to serve in the specified capacity and that he had met all legal requirements for that endorsement. Federal law prohibited a mariner from serving in a position for which he lacked the required endorsement. Similarly, federal law prohibited a business from employing a mariner in a position for which he lacked the required endorsement.

In order to obtain an MMC, a mariner was required to meet various requirements and to take an oath, promising to faithfully and honestly perform all the duties required by the laws of the United States. For many endorsements, federal law required mariners to pass USCG-administered examinations. These examinations tested mariners' knowledge and training to safely operate under the authority of the endorsements. The examinations, which typically consisted of numerous separately-graded modules, were administered at USCG regional exam centers. One such regional exam center, known as REC New Orleans, was located in the Eastern District of Louisiana. USCG employees at the regional exam centers entered the scores into a computer system used to manage the issuance of credentials to mariners and to process applications for MMCs and endorsements.

**B.     GARCES received, possessed, and intended to use endorsements to which he was not lawfully entitled**

**GARCES** was a mariner who sought to add what is known as a Master Less Than 1600 Gross Registered Tonnage Upon Inland Waters endorsement ("Master Inland 1600") and what is known as a Mate Less Than 1600 GRT Upon Near Coastal Waters ("Mate NC 1600") endorsement to his MMC. As **GARCES** knew, in order to lawfully obtain these endorsements, he was required

2



to pass specific examinations at a regional exam center.

Alonzo Williams ("Williams") was a mariner known to **GARCES**. Williams informed **GARCES** that Williams could, in exchange for money, arrange for mariners to receive false passing examination scores at REC New Orleans.

Prior to July 23, 2018, **GARCES** formed an agreement with Williams to pay Williams a sum of money in exchange for Williams arranging for a USCG employee at REC New Orleans to falsely report that **GARCES** had passed the examinations required for Master Inland 1600 and Mate NC 1600 endorsements. Pursuant to this agreement, **GARCES** paid Williams a sum of money.

As a result of **GARCES**'s conduct, on or about July 23, 2018 to July 24, 2018, a USCG employee at REC New Orleans falsely reported in a USCG computer system that **GARCES** had passed the examination associated with his application for Master Inland 1600 and Mate NC 1600 endorsements. As **GARCES** knew, this false report was made in furtherance of, and was essential to, his receipt of the endorsements. As **GARCES** knew, he had not passed the examination and, therefore, was not lawfully entitled to the endorsements. As a result of **GARCES** so intentionally causing the USCG examiner to make this false entry, the USCG issued **GARCES** Master Inland 1600 and Mate NC 1600 endorsements.

The aforementioned endorsements, to which **GARCES** was not lawfully entitled, authorized **GARCES** to, among other things, to serve as the master of vessels of less than 1,600 gross registered tonnage in inland waters. The master, also known as the captain, is the officer having command of a vessel. The master is ultimately held responsible for the safety of the crew, vessel, cargo and all aspects of the vessel's operation.

3

AUSA _CM_
Defendant **A.G.**
Defense Counsel

From on or about July 23, 2018 through on or about December 20, 2019, in the Eastern District of Louisiana and elsewhere, **GARCES**, received and possessed the above-referenced endorsement and an MMC containing said endorsements, knowing that he was not lawfully entitled to them and with the intent to unlawfully use them.

_____   1/27/2021
CHANDRA MENON                     Date
Assistant United States Attorney

_____   1/28/21
JEFFRY LAMONTE SANFORD            Date
Counsel for Defendant

_____   1-28-21
ANTHONY GARCES                    Date
Defendant

4